UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
FORT LAUDERDALE DIVISION

LAUREL KWIATKOWSKI,

    Plaintiff,

v.                                            CASE NUMBER: 0:19-cv-60338-UU

MITCHELL TRANSPORT, INC. and
DAVID SILVA,

    Defendants.
_____/

**DEFENDANTS, MITCHELL TRANSPORT, INC. AND DAVID SILVA'S, ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW, the Defendants, MITCHELL TRANSPORT, INC. and DAVID SILVA, by and through the undersigned counsel, and hereby file their Answer and Defenses to Plaintiff's Amended Complaint and Demand for Jury Trial, as follows:

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted that MITCHELL TRANSPORT, INC. owned the 2014 Freightliner motor vehicle, vehicle identification number ("VIN"): 3ALXA7CG7EDFT8553. Otherwise, denied as phrased.

4. Denied that DAVID SILVA was and still is a resident of Weakley County, Florida. Admitted that DAVID SILVA had permission from co-Defendant, MITCHELL TRANSPORT, INC., to operate the 2014 Freightliner motor vehicle referenced in paragraph 3 of the Plaintiff's Amended Complaint.

5. Without knowledge.

6. Denied.

7. Denied.

**COUNT I – NEGLIGENCE AGAINST MITCHELL TRANSPORT, INC.**

The Defendants, MITCHELL TRANSPORT, INC. and DAVID SILVA, re-state and re-incorporate their Answers to paragraphs 1 through 7 as if fully stated herein and further state:

8. Denied.

9. Denied.

**COUNT II – NEGLIGENCE AGAINST DAVID SILVA**

The Defendants, MITCHELL TRANSPORT, INC. and DAVID SILVA, re-state and re-incorporate their Answers to paragraphs 1 through 7 as if fully stated herein and further state:

10. Denied.

## DEFENSES

### First Defense

The Plaintiff was guilty of negligence and the Plaintiff's negligence was the sole, proximate cause or contributing cause of the damages complained of and the recovery, if any, should be barred or reduced proportionately pursuant to the doctrine of comparative negligence. The Plaintiff failed to operate her motor vehicle in a reasonably safe manner and to keep a proper lookout.

### Second Defense

The Defendants are entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of § 768.81, Florida Statutes. The Plaintiff failed to operate her motor vehicle in a reasonably safe manner and to keep a proper lookout.

### Third Defense

If there was any negligence that caused or contributed to the Plaintiff's alleged injuries, it was solely the result of the negligence on the part of third parties who were not under the care, custody, control or supervision of the Defendants and, therefore, the Plaintiff cannot recover against the Defendants. There were phantom (or unknown) motorists on the interstate who failed to operate their motor vehicles in a reasonably safe manner that caused or contributed to the accident and the Plaintiff's alleged injuries.

### Fourth Defense

The Plaintiff failed to mitigate damages as required under Florida law and any such recovery should be proportionately reduced as a result of this failure. The Plaintiff failed to follow her physician's orders and recommendations. Also, the Plaintiff also failed to use available collateral sources or more reasonable contractual arrangements to cover her medical care and costs and, rather, treated with medical providers under letters of protection or credit agreements. Therefore, the Plaintiff's recovery, if any, should be proportionately reduced to reflect her failure to take reasonable steps or measures to mitigate her damages as to the medical treatment and bills.

### Fifth Defense

The Defendants specifically claim any credit or setoff to which they may be entitled for any and all payments paid or payable to the Plaintiff for any damages alleged in the Amended Complaint from any collateral source whatsoever.

### Sixth Defense

The Defendants specifically claim any credit or setoff to which they may be entitled for any and all payments paid to the Plaintiff under personal injury protection (PIP) and medical

payment (MedPay) provisions of the applicable insurance policy(ies) affording coverage to the vehicle operated by the Plaintiff in the automobile collision alleged in the Plaintiff's Amended Complaint.

### Seventh Defense

The injuries and/or damages to the Plaintiff were solely and/or proximately caused by the unreasonable failure of the Plaintiff to use an available and operational seatbelt at the time of the accident and, therefore, the Plaintiff's recovery should be barred or reduced accordingly.

### Eighth Defense

The Plaintiff has not sustained a permanent injury, scarring, disfigurement, or other injury sufficient to meet the tort liability threshold as required under Florida's No-Fault Threshold Statutes, § 627.737, *et seq.*

### Ninth Defense

The Defendants are entitled to a setoff for any payments made to the Plaintiff's by third persons, firms, or corporations in settlement of any of the Plaintiff's claims pursuant to § 768.041, Florida Statutes.

### Tenth Defense

If an injury or damage was sustained by the Plaintiff, which the Defendants expressly deny, some or all of it was based upon a preexisting and/or congenital and/or hereditary condition that is not the responsibility of the Defendants, and the Plaintiff is not entitled to recovery based upon any injuries or damages sustained as a result of that condition.

## DEMAND FOR JURY TRIAL

WHEREFORE, the Defendants, MITCHELL TRANSPORT, INC. and DAVID SILVA, respectfully request trial by jury of all issues so triable by right.

Respectfully submitted,

OGDEN & SULLIVAN, P.A.

*s/Timon V. Sullivan*
TIMON V. SULLIVAN, ESQUIRE
Florida Bar Number: 283010
TSullivan@ogdensullivan.com
5422 Bay Center Drive, Suite 100
Tampa, Florida 33609-3420
(813) 223-5111
(813) 229-2336 Facsimile
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of March, 2019, I electronically filed the foregoing by using the CM/ECF System which will send a Notice of Electronic Filing to the following: Michael W. Wallace, Esquire, Robert J. Fenstersheib & Associates, P.A., 520 West Hallandale Beach Boulevard., Hallandale Beach, Florida 33009; mwallace@fenstersheib.com.

*s/Timon V. Sullivan*
TIMON V. SULLIVAN, ESQUIRE
Florida Bar Number: 283010
TSullivan@ogdensullivan.com
OGDEN & SULLIVAN, P.A.
5422 Bay Center Drive, Suite 100
Tampa, Florida 33609-3420
(813) 223-5111
(813) 229-2336 Facsimile
Attorney for Defendants